COLÓN, EX PARTE, PETICIONARIO Y APELANTE, Y EL PUEBLO,
OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en
procedimiento de *habeas corpus*.

No. 1683.—Resuelto en febrero 17, 1921.

HABEAS CORPUS—SENTENCIA DICTADA EN AUSENCIA DEL ACUSADO—CORTES MU-
NICIPALES.—Un acusado que ha sido puesto en prisión para cumplir senten-
cia dictada por una corte municipal sin que se hallara presente en el acto
del juicio ni en el del pronunciamiento de la sentencia, lo ha sido ilegalmente
y puede obtener su libertad mediante el recurso de *habeas corpus*.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Fiol Negrón.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Epifanio Colón, de Villalba, P. R., presentó una solicitud
de *habeas corpus* en la Corte de Distrito de Ponce, pidiendo
que se le pusiera en libertad porque la prisión que sufría
era ilegal, consistiendo la ilegalidad en que había sido con-
denado por la Corte Municipal de Juana Díaz en virtud de
un juicio celebrado en su ausencia.

Se expidió el auto. Se practicó prueba, y la corte de
distrito finalmente desestimó la solicitud. El peticionario
apeló entonces para ante este tribunal. El Fiscal del Su-
premo se adhirió al recurso.

De la prueba practicada resulta que Epifanio Colón fué
condenado como autor de un delito de juegos prohibidos. La
sentencia condenatoria, copiada en lo pertinente, dice así:

"En cuanto al acusado no compareciente Epifanio Colón, ha-
biendo presentado el Policía Insular, Gustavo Alfaro una declaración
jurada de que dicho acusado fué citado por él, se prosiguió la vista
de la causa en cuanto a dicho acusado. Examinada la prueba de
cargo, la corte lo declaró culpable del delito que se le imputa, y dictó
sentencia contra él imponiéndole un mes de cárcel."

Declarando bajo juramento el peticionario y contestando a preguntas del fiscal, se expresó así:

"Fiscal: P.   ¿Por qué usted no compareció a la Corte cuando lo citó el policía?—R.   Estaba enfermo.

"P.   ¿El policía lo citó?—R.   Me citó ocho días antes y estaba enfermo.

"P.   Usted no avisó a la Corte que estaba enfermo?—R.   Yo llevé el certificado del médico.

"P.   ¿Después del juicio?—R.   Después del juicio.

"P.   ¿Usted no pidió que se transfiriera la fecha del juicio a la corte?—R.   Como yo no sabía nada de eso, me exigieron fiadores para hacer la apelación y yo puse los fiadores, pero no sé lo que pasó que ahora, después que estaba trabajando volvieron y me condujeron aquí. Yo con el certificado en el bolsillo.   Se lo presenté al juez.

"P.   ¿Pero usted nunca compareció a la corte a pedir que se transfiriera la celebración de su juicio para otra fecha?—R.   No, señor, si no me dijeron más nada.

"P.   ¿Y cuando lo arrestaron usted no apeló?—R.   Porque no me dejaron.

"P.   ¿Quién no lo dejó?—R.   El marshal me echó por delante enseguida; no me dejó ni atender a una venta que yo tenía."

Es de sentirse que no se comprobara la forma en que el policía citó al acusado.   Cuando se cita a una persona para que responda de un cargo, la ley requiere que se le notifique de ese cargo.   Un simple aviso de un policía a un ciudadano para que comparezca en determinado día ante una corte de justicia, no sería en manera alguna suficiente para tramitar una causa criminal en ausencia de la persona así citada y dictar contra ella sentencia condenatoria.   Véase el artículo 24 del Código de Enjuiciamiento Criminal, Comp. 1911, página 1000.

Pero partiendo de la base de que el peticionario fué debidamente citado, aún así, opinamos que la sentencia dictada en su ausencia es enteramente nula.

Es cierto que el artículo 179 del Código de Enjuiciamiento

Criminal dispone que si se trata de un *misdemeanor* podrá celebrarse el juicio sin que se halle presente el acusado, y que el 311 del propio cuerpo legal prescribe que la sentencia en un caso de *misdemeanor* podrá pronunciarse en ausencia del acusado.

Pero tales artículos se refieren a las cortes de distrito en donde la causa se inicia mediante acusación que se lee al acusado, de suerte que cuando llega el trámite del juicio y el del pronunciamiento de la sentencia, ya el acusado ha sido notificado con copia de la acusación, ya conoce el cargo que se le hace y ya ha tenido oportunidad de formular las peticiones y alegaciones que autoriza la ley.

En la corte municipal el procedimiento es distinto. Se inicia la causa por una denuncia. Se cita al denunciado y generalmente el mismo día en que comparece se celebra el juicio, y el denunciado es condenado o absuelto. Por eso la ley,—artículo 29 del Código de Enjuiciamiento Criminal, tal como quedó enmendado por la ley de 12 de marzo de 1903, página 43, y la de 12 de marzo de 1908, página 53,—expresamente dispone que "tanto la celebración del juicio como el acto de dictar sentencia se harán en presencia del acusado." Se refiere el legislador al procedimiento en los juzgados de paz que es el aplicable a las cortes municipales.

Parecida distinción existe en el Estado de California. Las secciones 1043 y 1193 del Código Penal de dicho Estado son iguales a los artículos 179 y 311 del nuestro que dejamos citados, y la sección 1434 que forma parte del título XI que trata de los procedimientos *"in justices' and police courts"* contiene la siguiente disposición: "el acusado debe hallarse personalmente presente antes de que pueda proseguirse el juicio," similar a la contenida en el artículo 29 de nuestro código, aunque la del nuestro es más terminante y tiene mayor extensión.

Por virtud de lo expuesto debe revocarse la resolución

recurrida y dictarse en su lugar otra decretando la libertad del peticionario.

> *Revocada la resolución recurrida y decretada*
> *la libertad del peticionario.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.