EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TOMÁS COLÓN, acusado y apelante.

No. 3631.—*Sometido:* Diciembre 11, 1928. *Resuelto:* Febrero 8, 1929.

*José Q. Torres Sallabery,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué denunciado en una corte municipal por el delito de acometimiento y agresión con la circunstancia agravante de ser el agresor un varón adulto y la agredida una mujer. Fué condenado en esa corte y habiendo apelado de la sentencia fué celebrado el juicio de nuevo en la corte de distrito y condenado otra vez, contra cuyo fallo interpuso este recurso de apelación.

No ha presentado el apelante para sostener su recurso una especificación de errores como requieren las reglas de esta corte, pero examinaremos su alegato para considerar su apelación.

▉ Con respecto al acto de acometimiento y agresión declaró como única testigo la mujer agredida y por esto alega el apelante que debe ser revocada la sentencia dictada contra él.

La declaración de un testigo, si es creída, es suficiente prueba de un hecho de acuerdo con el artículo 18 de la Ley de Evidencia, a menos que la ley haya exigido expresamente que sea corroborada como en los delitos de seducción y violación, por lo que no existe el error señalado, sin que el hecho de que la agredida, que dijo ser la esposa del apelante, jurase en su denuncia ante la corte municipal que el acusado le había dado varias bofetadas cuasándole golpes en el ojo izquierdo, en la espalda y en el pecho y que en el juicio declarase que sólo le dió una bofetada y que no le hizo daño alguno en el ojo izquierdo, sea obstáculo para que la corte diera crédito a su declaración.

▉ Se funda otro motivo de la apelación en haber ordenado la corte de distrito que el acusado estuviese presente en el juicio a pesar de tratarse de un delito menos grave.

Al comenzar la vista del juicio de nuevo ante la corte de distrito y no habiéndose presentado el acusado expuso su abogado que no tenía obligación de estar presente por tratarse de un delito menos grave y habiendo ordenado la corte que el acusado compareciera en el juicio así lo hizo.

El artículo 29 del Código de Enjuiciamiento Criminal, que es aplicable a las Cortes Municipales según hemos declarado en el caso *Ex parte Colón*, 29 D.P.R. 117, exige que los acusados ante ellas por delitos menos grave, que son de los que pueden conocer, estén presentes en el juicio y al dictarse sentencia. Posteriormente fué enmendado dicho artículo por la Ley No. 95 de 1925, página 765 de las leyes de ese año en el sentido de ser dispensadas de ese requisito en delitos que no impliquen una mente perversa o depravación moral, cuando fueren representados por abogado y éste se hallare presente en ambos momentos.

También hemos declarado en el caso citado que el artículo 179 del mismo código rige para los procedimientos en las cortes de distrito; y como las apelaciones de las cortes municipales tienen lugar ante las cortes de distrito celebrándose el juicio de nuevo, son aplicables a estos casos las reglas que gobiernan el juicio en las cortes de distrito, porque actúan como cortes de distrito y no como municipales.

Dispone el artículo 179 citado que en los juicios por delitos menos graves podrá celebrarse el juicio sin hallarse presente el acusado, pero que siempre que la presencia de éste fuere necesaria para su identificación, podrá el tribunal, a instancia del fiscal, dictar un mandamiento ordenando la asistencia personal del reo.

Es regla general que todo acusado debe estar presente en el juicio y en el acto de ser pronunciada la sentencia pero la ley, para beneficio de los intereses del pueblo, permite que un juicio en las cortes de distrito se celebre sin estar presente el acusado en delitos menos graves, dejando esta cuestión a la discreción de la corte pues dice que podrá celebrarse el juicio sin hallarse presente el acusado; sin perjuicio del derecho que reconoce al fiscal para solicitar que esté presente el acusado para su identificación, por lo que no cometió error la corte inferior al ordenar que el acusado

estuviera. presente en el juicio. Los casos de *People* v. *Budd,* 57 Cal. 349 y *Warren* v. *State,* 68 Am. Dec. 214, tienen analogía con esa cuestión.

■ También sostiene el apelante que no debió ser usado el márshal de la corte para declarar respecto a que el apelante tiene más de veintiún años de edad. El cargo de márshal no incapacita a una. persona para declarar; y en el·caso de *El Pueblo* v. *Benítez,* 36 D.P.R. 905, en el que un secretario de la corte testificó sobre lo mismo que el márshal en este caso, declaramos que su testimonio no era inadmisible.

*La sentencia apelada debe ser confirmada.*