El Pueblo de Puerto Rico, demandante y apelado *v.* Juan Vargas, acusado y apelante.

No. 4879.—*Sometido:* Noviembre 23, 1932. *Resuelto:* Noviembre 30, 1932.

*R. Hernández Matos,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Juan Vargas fué condenado por la Corte de Distrito de Ponce como autor de un delito de acometimiento y agresión grave a sufrir dos meses de cárcel y al pago de las costas. No conforme apeló. Su alegato contiene un solo señalamiento, el que sigue: "La Corte de Distrito de Ponce erró gravemente al no permitir que el abogado del acusado argumentara su caso." El Fiscal del Tribunal Supremo se adhiere al recurso. Su alegato contiene un cuidadoso estudio de la ley y la jurisprudencia aplicables.

Los autos revelan que terminada la práctica de la prueba ocurrió lo que sigue:

"Fiscal: Sometemos el caso.

"Al empezar el abogado defensor a argumentar el caso, la corte manifestó:

"Juez: La Corte no necesita argumentación para apreciar la prueba.

"Defensa: Tomamos excepción de la orden de la Corte en sentido de no permitirme argumentar el caso o en el sentido de decir que no necesita argumentación.

"Juez: La Corte repite que no necesita argumentación para apreciar la prueba, que no hay ninguna cuestión de derecho aquí sino cuestiones de hecho, una evidencia contradictoria; y repite otra vez que

no necesita a la altura de su experiencia como juez que se le informe, para poder apreciar una evidencia, por el abogado, y tampoco necesita el informe del fiscal.

"Póngase de pie, el acusado. La Corte lo declara culpable del delito de acometimiento y agresión con circunstancias agravantes, y le impone dos meses de cárcel y las costas."

El derecho de un acusado a estar asistido de su abogado para su defensa al celebrarse el juicio de su causa está garantizado por la Constitución de los Estados Unidos, en su enmienda sexta, como sigue: "En todos los procesos criminales el acusado disfrutará del derecho . . . a tener la ayuda de abogado para su defensa." También por nuestra Carta Orgánica que en su artículo 2 dice: "En todos los procesos criminales el acusado gozará del derecho de tener para su defensa la ayuda de abogado." Y por nuestro Código de Enjuiciamiento Criminal que en su artículo 11 expresa: "En un proceso criminal el acusado tiene derecho a . . . (2) Que se le asigne defensor o que se le permita defenderse en persona y con abogado."

Ese derecho fué reconocido plenamente por esta Corte Suprema en el caso de *El Pueblo* v. *Plata,* 36 D.P.R. 590. Incluye la argumentación del caso por el abogado, de tal manera que ha sido resuelto que "el argumento del abogado constituye una parte del juicio, tanto como el someter la propia prueba." *Meredeth* v. *People,* 84 Ill. 479, 480.

Al prescribir el Código de Enjuiciamiento Criminal la forma en que debe celebrarse el juicio tanto en las cortes de paz cuanto en las de distrito, la audiencia de las partes queda consagrada. Expresamente dice el apartado sexto del artículo 233 de dicho cuerpo legal que "terminado el período de la prueba y salvo que el caso fuere sometido sin argumentación a la decisión de la corte o del jurado por ambas partes, . . . el abogado de la defensa argumentará entonces el caso ante la corte o el jurado exponiendo de igual modo todos sus argumentos en favor de la defensa."

La jurisprudencia de las cortes americanas es uniforme

no sólo en cuanto al derecho del acusado a contar con la asistencia de su abogado para defenderse, sino en cuanto a que tal derecho incluye el de argumentar su caso ante la corte o ante el jurado.

Se ha reconocido que las cortes tienen poder para limitar, bien por reglas previamente establecidas o razonàblemente de acuerdo con las circunstancias de cada caso, el tiempo en que deban presentarse los argumentos, pero en manera alguna para negar en absoluto el derecho de argumentar.

Así, en el caso de *Walker* v. *State,* 32 Tex. Crim. Rep. 173 se resolvió que:

"Aunque la Corte tiene el derecho a limitar el tiempo para argumentos, no puede limitarlo arbitrariamente de tal modo que la limitación llegue a convertirse en una privación del derecho del acusado a presentar su caso al jurado plena y razonablemente y que no puede servir de fundamento a tal privación el hecho de que en opinión de la corte la prueba haya sido tan clara que el argumento no pueda variar el resultado de la sentencia.

Y en el de *City of Seattle* v. *Erickson,* la Corte de Apelaciones de Washington dijo:

"Creemos que una mera relación de la cuestión en controversia, así como de la prueba, demuestra que la corte inferior no abusó de su discreción al limitar el tiempo para argumentar el caso ante el jurado. Una persona acusada de un delito tiene el derecho constitucional a ser oída por medio de abogado y de ese derecho la corte no puede privarle; pero al mismo tiempo el poder de la corte para regular el ejercicio de ese derecho por medio de reglas razonables, tampoco es discutible. En ausencia de estatutos que prescriben reglas para la práctica, descansa en la sana discreción de la corte el poner un límite razonable al tiempo que debe ser consumido por abogados en argumentos; con esa discreción la corte de apelaciones no intervendrá a menos que el tiempo no se haya limitado en tal forma que resulte manifiestamente perjudicial a los derechos de la parte que se queja. La regla ha sido establecida en el caso de El Pueblo v. Kelly, 94 N. Y. 526, en esta forma: 'El tiempo que un abogado debe emplear para presentar su caso a la consideración de un jurado, debe necesa-

riamente quedar en gran parte a la discreción de la corte. Si fuera de otro modo, un período ilimitado de tiempo podría ser usado sin ninguna ventaja para el cliente causándose gran demora en los procedimientos de la corte y perjuicios a la administración de justicia. El tiempo a ser usado para tal propósito debe, por tanto, ser materia a regularse por el juez que presida el juicio lo mismo que cualquiera otra cuestión durante el proceso. Se presume que la corte salvaguardiará propiamente y protegerá los derechos de las partes de manera que pueda hacerse verdadera justicia a todos, y el juez es, seguramente, una persona competente y adecuada para determinar con respecto al tiempo que debe requerirse para una debida discusión y presentación del caso en el juicio. De todo esto se deduce que la corte tiene el derecho a ejercer su discreción a ese respecto y a menos que no se abuse de tal discreción no habrá intervención por las cortes superiores.' En el caso de State v. Page, 21 Mo. 257, 64 Am. Dec. 329, después de traer el estudio de la práctica de limitar el tiempo para los argumentos en procedimientos judiciales desde la antigua Grecia y Roma, la corte se expresó así: 'Llegamos a la conclusión, por tanto, que un cuarto de hora concedido a un orador moderno en un pequeño caso de cortar árboles en terrenos escolares no debe considerarse como una prohibición hecha al abogado de ser oído en defensa de su cliente.' Dentro de estas reglas no consideramos que se ha puesto de manifiesto ningún abuso de discreción por parte de la corte en este caso. El abogado del apelante invoca el caso de State v. Mayo, 42 Wash. 540, 85 Pac. 251, en apoyo de su contención de que hubo un abuso de discreción por parte de la corte inferior; pero en el caso de Mayo al acusado se le celebraba juicio en un caso capital, el juicio fué largo y laborioso y la prueba muy voluminosa. Tal caso no puede tomarse como *standard* en comparación con un caso sencillo como el de autos.'' 25 L.R.A. 1027, 1030.

No es necesario referirnos a otros casos. Ambas partes en sus alegatos citan algunos muy interesantes sobre el particular. La cuestión envuelta es clara. Los autos demuestran que el derecho que la ley y la jurisprudencia reconocen al acusado le fué negado en absoluto por la corte. Y siendo ello así, la sentencia dictada no puede subsistir. *Debe revocarse y la causa devolverse para la celebración de un nuevo juicio.*