El Pueblo de Puerto Rico, demandante y apelado, *v.* Carlos Meléndez y Gregorio Peña, acusados y apelante el primero.

No. 5521.—*Sometido:* Noviembre 16, 1934. *Resuelto:* Diciembre 21, 1934.

*Burset & Pérez Pimentel* y *Lucas F. Serbiá,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Carlos Meléndez y Gregorio Peña, el primero como dueño de un puesto de leche y el segundo como empleado suyo, fueron acusados de tener a la venta leche adulterada. Ambos comparecieron en 30 de marzo de 1933 para la lectura de la acusación y alegaron ser inocentes. Se fijó el 22 de enero de 1934 para celebrar el juicio. Carlos Meléndez fué citado, pero no compareció ni personalmente ni representado por letrado. Peña compareció y el juicio prosiguió. Ambos acu-

sados fueron convictos y a cada uno de ellos se impuso una multa de $25. Al siguiente día, 23 de enero, Meléndez solicitó la reconsideración de la sentencia y nuevo juicio. Manifestó en su moción que había estado de cama con una fuerte gripe y con fiebre el día señalado para el juicio. También expresó su creencia de que tenía una defensa buena y meritoria, puesto que no había cometido ninguno de los actos imputádosle. En esta moción Meléndez compareció por letrado, mas los hechos en ella alegados no estaban sostenidos por declaración jurada. No hubo certificado médico, ni *affidavit* de méritos, ni se decía que se presentarían testigos. Nada había que demostrara por qué la moción no pudo presentarse durante el juicio o antes, o dentro de las 24 horas siguientes a su convicción. El acusado apeló de una sentencia condenatoria y alega que la corte de distrito cometió error al proceder a celebrar el juicio y al dictar sentencia en ausencia del acusado Meléndez; también que la corte cometió error al negarse a reconsiderar la sentencia y al no dar al acusado oportunidad para presentar su defensa. El apelante se basa en los artículos 11, 179 y 311 del Código de Enjuiciamiento Criminal, en el artículo 2 de la Carta Orgánica, en 8 R.C.L. 90, sección 48, *Ex Parte Dessús,* 4 D.P.R. 176, Segunda Edición, *Ex Parte Bird,* 4 D.P.R. 234, Segunda Edición, *León Lugo* v. *Pueblo,* 40 D.P.R. 45 y *Pueblo* v. *Sierra,* 44 D.P.R. 82.

■■ El artículo 2 de nuestra Carta Orgánica dispone:

"En todos los procesos criminales el acusado gozará del derecho de tener para su defensa la ayuda de abogado; de ser informado de la naturaleza y causa de la acusación; de obtener copia de la misma; de tener un juicio rápido y público; de carearse con los testigos de cargo, y de usar de medios compulsorios para conseguir testigos a su favor."

Los artículos 11, 179 y 311 del Código de Enjuiciamiento Criminal disponen lo siguiente:

"Artículo 11. En un proceso criminal el acusado tiene derecho a
"(1) Un juicio rápido y público.

"(2) Que se le asigne defensor, o se le permita defenderse en persona y con abogado.

"(3) Presentar sus testigos.

"(4) Confrontarse con los testigos contrarios en presencia del tribunal, excepto cuando se hubieren practicado las primeras diligencias ante un promotor fiscal o juez de paz; o cuando el testimonio de algún testigo presentado por el Pueblo, e imposibilitado de prestar fianza para su comparecencia, hubiere sido tomado en presencia del reo, quien en persona o por medio de su abogado hubiere repreguntado, o tenido oportunidad para repreguntar al testigo, en cuyo caso, la deposición de éste podrá ser leída, siempre que se justificare a satisfacción del tribunal haber fallecido o estar demente dicho testigo o no poderse encontrar en Puerto Rico, a pesar de las diligencias practicadas al efecto. El examen de testigos por el promotor fiscal, según lo dispuesto en el artículo 3, se hará privadamente, y no deberá aquél interrogar a los testigos del acusado, excepto en el acto de celebrarse el juicio público.

"Artículo 179. Si el proceso fuere por *felony* el acusado deberá asistir al juicio en persona; pero si fuere por *misdemeanor* (delito menos grave), podrá celebrarse el juicio sin hallarse presente el acusado; con todo, siempre que la presencia de éste fuere necesaria para su identificación, podrá el tribunal, a instancia del fiscal, dictar un mandamiento ordenando la asistencia personal del reo.

"Artículo 311. Cuando se dicte la sentencia, si la convicción es por *felony* (delito muy grave), el acusado debe hallarse presente personalmente; si es por *misdemeanor* (delito menos grave), la sentencia puede pronunciarse en ausencia del acusado."

Los dos artículos últimamente citados exigen la comparecencia personal del acusado en casos de delitos graves, tanto durante el juicio como en el momento de dictarse sentencia, ora esté dicho acusado representado por abogado o no. La disposición que autoriza a la corte a actuar en casos de delitos menos graves, no obstante estar ausente el acusado, no tiene por condición la presencia de su abogado. Si la corte debe designar o no un letrado a un acusado insolvente, es cuestión que no surge del presente caso. De la prueba aducida durante el juicio se desprendió que el acusado era dueño de un depósito de leche y que había salido bajo fianza. También, que tanto él como sus fiadores habían sido notificados

de la fecha señalada para el juicio. Nada había que indicara que el acusado no estuviera en condiciones de contratar los servicios de un letrado o que su ausencia fuera involuntaria. Bajo las circunstancias, la corte inferior no cometió error al proceder a celebrar el juicio y al dictar sentencia en ausencia del acusado.

██ Al declarar sin lugar la moción de reconsideración el juez de distrito creyó que la demostración que se le había hecho era insuficiente para actuar de otro modo. Difícilmente podría decirse que él estuvo claramente equivocado en ello y a menos que estuviera claramente equivocado no hubo abuso de discreción. La ley no es al efecto de que una persona acusada de un delito menos grave puede, aprovechándose de la fianza, ausentarse voluntariamente del juicio para exigir entonces que se deje sin efecto una sentencia condenatoria debido a haberse hallado ausente mientras se celebraba el juicio, así como en el momento de dictarse sentencia en su contra. La demostración hecha, considerada por el juez de distrito como insuficiente, según hemos dicho fué dudosa y poco satisfactoria. No es necesario que vayamos más lejos por el momento, toda vez que el acusado no apeló de la orden que declaró sin lugar su moción y la cuestión que se trata de suscitar con el segundo señalamiento no está debidamente ante nos.

*Debe confirmarse la sentencia apelada.*