El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis Texidor, Jr., acusado y apelante.

Núm. 6809.—*Sometido:* Enero 12, 1938. *Resuelto:* Febrero 14, 1938.

*Adolfo García Veve,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Luis Texidor, Jr., fué convicto por la Corte de Distrito de San Juan de portar un arma prohibida. Con anterioridad a ello también había sido convicto del mismo delito por la Corte Municipal de Río Grande. En abril 29 de 1936 la corte de distrito libró una orden de citación para que el acusado compareciera ante dicha corte el 15 de mayo de 1936, para el juicio. En la orden también se decía que los fiado-

res del acusado debían igualmente ser citados. Esta orden, desde luego, fué expedida antes del juicio y de la sentencia.

Dicha sentencia lee como sigue:

"Se llamó este caso a juicio, compareciendo el fiscal, no habiendo comparecido el acusado informando el márshal que éste había sido citado legalmente. La corte lo consideró inocente y procedió a la celebración del juicio. Practicada la prueba, la corte declara al acusado convicto de un delito de portar armas y le impone la pena de un mes de cárcel, y las costas. Dada en corte abierta en 15 de mayo de 1936. (Firmado) Rafael Arjona Siaca, Juez de Distrito."

■ En apelación se señalan cinco errores. Los señalamientos segundo, tercero y cuarto tratan de alegar que la corte no tenía derecho a entrar una alegación de no culpable ni a celebrar el juicio sin estar presente el acusado.

De los casos de *Pueblo* v. *Meléndez,* 47 D.P.R. 842; *Pueblo* v. *Colón,* 39 D.P.R. 118, y *Warren* v. *State,* 68 Am. Dec. 214 y notas, se desprende claramente que en delitos menos graves de poca monta, si el acusado ha sido debidamente citado, la corte puede proceder a juicio sin estar presente el acusado o su abogado.

■■ Sin embargo, el fiscal conviene con el apelante en que se cometieron los siguientes errores:

"1.—Declarar por la sola manifestación del márshal que el acusado había sido citado legalmente cuando a ella le constaba que el acusado no había sido citado personalmente sino solamente sus fiadores."

"5.—La Corte de Distrito cometió error al declarar sin lugar la moción de reconsideración de fecha 2 de junio de 1936 en la que se solicitaba se diera oportunidad al acusado de presentar su prueba."

El artículo 29 del Código de Enjuiciamiento Criminal (edición de 1935) dispone lo siguiente:

"Si después de oída la denuncia, el acusado alegare su inocencia, el juez procederá en la siguiente forma:
"

"5.—El juez de paz remitirá el sumario dentro del quinto día al tribunal de distrito, el cual dentro de los diez días de su recibo señalará día para la celebración del juicio, citando al Fiscal y al acusado. . . . "

El fiscal llama nuestra atención hacia el hecho de que en todos los casos de esta corte que han sido citados, se ha asumido que se había hecho una citación anterior al acusado, y que esto se desprende más claramente del caso de *El Pueblo* v. *González,* 50 D.P.R. 195.

La única duda que hemos abrigado ha sido si la aserción contenida en la sentencia reflejaba con certeza el hecho de que el márshal había citado al acusado, mas nos sentimos obligados a resolver que esta aseveración no demostró que se hubiera hecho una notificación en debida forma. Cuando se expide una citación el márshal debe hacer el diligenciamiento de que ha notificado al acusado personalmente. El apelante alega que solamente los fiadores fueron notificados y los autos revelan que éstos fueron notificados y presentaron al acusado a la corte para que se le dictara sentencia. Ante tal situación incumbe al Pueblo excluir cualquier duda que pudiera haber respecto a si el acusado fué o no citado debidamente. Si el acusado hubiera comparecido a juicio voluntariamente o mediante citación, cualquier duda respecto a la citación o su suficiencia hubiese sido renunciada.

El acusado también radicó una moción de reconsideración que la corte declaró sin lugar. Aún si el caso hubiera sido un poco más dudoso, creemos que se cometió un abuso de discreción al no declarar con lugar dicha moción.

*Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.