El Pueblo de Puerto Rico, demandante y apelado, *v.* Silá Ortiz, acusado y apelante.

Núm. 8032.—*Sometido:* Julio 1, 1940. *Resuelto:* Julio 26, 1940.

*Ernesto Juan Fonfrías,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El policía insular Juan del Toro formuló denuncia contra Silá Ortiz y Castel Ortiz porque ''en 28 de noviembre, hora 11:50 P.M., de 1938, y en la calle Palmer de Las Marías . . . ilegal, maliciosa y voluntariamente turbaban la paz . . . del

inmediato vecindario . . . encontrándose en estado de embriaguez . . . formando un fuerte escándalo pronunciando frases obscenas'' que especifica.

Fué la causa en apelación ante la corte del distrito, Mayagüez, en cuanto a Silá Ortiz, y señalado el 30 de septiembre de 1939 para el juicio, compareció El Pueblo por su fiscal ''sin que compareciera el acusado ni su abogado.'' La corte ordenó que el juicio siguiera adelante en ausencia del acusado, y celebrado, dictó sentencia declarándolo culpable del delito imputádole, condenándolo a tres meses de cárcel.

Ortiz apeló para ante este tribunal. Sostiene que la corte de distrito erró al condenarle sin el debido procedimiento legal, negándole la protección igual de las leyes que garantizan la Constitución y la Ley Orgánica, al interpretar la cédula de citación para juicio y al apreciar la prueba con pasión, prejuicio y parcialidad.

Argumentando su primer señalamiento de error cita el apelante el apartado segundo del artículo 2 de la Ley Orgánica de Puerto Rico y la Enmienda VI de la Constitución de los Estados Unidos por virtud de los cuales se reconoce a todo acusado en un proceso criminal el derecho a tener para su defensa la ayuda de abogado, a carearse con los testigos de cargo y a usar de medios compulsorios para obtener testigos a su favor. Cita también los casos de *El Pueblo* v. *Vargas,* 44 D.P.R. 157 y *Ex Parte Laureano,* 54 D.P.R. 416.

A nuestro juicio la resolución de este primer error depende de si se cometió o no el segundo, esto es, de si el acusado fué o no debidamente citado para juicio. Procederemos en tal virtud a estudiar y resolver el dicho segundo señalamiento de error.

La cédula de citación fué como sigue:

''En la Corte de Distrito del Distrito Judicial de Mayagüez, P. R. —Estados Unidos de América—El Presidente de los Estados Unidos— ss.—El Pueblo de Puerto Rico v. Silá Ortiz—Criminal Núm. 10,990— Por Turbar la Paz—Citación de Acusado para el acto del juicio— El Pueblo de Puerto Rico a Silá Ortiz, Bo. Furnias—Las Marías—

Por la presente se le cita a usted para que comparezca ante esta Hon. Corte de Distrito del Distrito Judicial de Mayagüez, Puerto Rico, en el edificio de la corte en esta ciudad, el día 30 de septiembre de 1939, a las 8:00 a.m., para el acto del juicio del proceso criminal instituído por 'El Pueblo de Puerto Rico' contra usted por el delito de Turbar la Paz.—Apercibido de que si no comparece será confiscada la fianza prestada y además se expedirá mandamiento de arresto contra usted.—Notifíquese de ello a los fiadores don Eustaquio Ramos, Las Marías, y don Lauro González, Las Marías, a los fines correspondientes.—Por orden de la corte.—Extendido bajo mi firma y sello oficial de la corte, en Mayagüez, P. R., a 19 de septiembre de 1939.—(Firmado) Pascual Frank Paganacci, Secretario. (Sello oficial de la corte.) (firmados) Lauro González—Eustaquio Ramos—Silás Ortiz.''

La substancia del argumento del apelante impugnando la suficiencia de la cédula a los fines de la celebración del juicio en ausencia del acusado, consiste en que no habiéndose hecho la citación con apercibimiento de que si no comparecía el acusado se celebraría el juicio en su ausencia y conteniendo por el contrario el solo apercibimiento de que si no comparecía se confiscaría la fianza y se decretaría el arresto del acusado, no pudo celebrarse el juicio en su ausencia, estando limitado el poder de la corte a ordenar la confiscación de la fianza y a decretar el arresto del acusado.

No se nos ha citado ley alguna, ni hemos podido encontrarla por nosotros mismos, que ordene que al citarse a un acusado para juicio deba apercibírsele de que si no comparece el juicio será celebrado en su ausencia. Y cuando el legislador ha considerado necesario un apercibimiento tal, se ha cuidado de ordenarlo expresamente. Véase, por ejemplo, el párrafo segundo de la sección 5 de la Ley de Desahucio, de marzo 9, 1905 (Comp. 1625–1644).

Se cita a una persona para que comparezca ante una corte. Si no lo hace, ella sabe las consecuencias que pueden sobrevenirle de acuerdo con la ley. Si la citación es para la celebración de un juicio, parece natural que el juicio se celebre en su ausencia si no comparece, a no ser que la ley ordene que no puede celebrarse en su ausencia, y la ley no sólo no

ordena tal cosa si que expresamente dispone que en casos como éste de delitos menos graves "podrá celebrarse el juicio sin hallarse presente el acusado."

Dice el artículo 179 del Código de Enjuiciamiento Criminal:

"Si el proceso fuere por *felony* el acusado deberá asistir al juicio en persona; pero si fuere por *misdemeanor* (delito menos grave), podrá celebrarse el juicio sin hallarse presente el acusado; con todo, siempre que la presencia de éste fuere necesaria para su identificación, podrá el tribunal, a instancia del fiscal, dictar un mandamiento ordenando la asistencia personal del reo."

Y prescribe el 311 del propio cuerpo legal:

"Cuando se dicte la sentencia, si la convicción es por *felony* (delito muy grave), el acusado debe hallarse presente personalmente; si es por *misdemeanor* (delito menos grave), la sentencia puede pronunciarse en ausencia del acusado."

Insiste en su argumentación el apelante en que todo lo que podría realizarse en un caso como éste, dados los términos en que la citación se hizo, sería confiscar la fianza y ordenar el arresto del acusado, y en que no se compagina el arresto con la celebración del juicio.

Creemos que no le asiste la razón. El acusado permanecía en libertad a virtud de la fianza que prestara. Por esa fianza se obligó con sus fiadores a obedecer las órdenes que recibiera de la corte, de ahí la citación que también se hizo a los fiadores. Al desobedecer la orden de citación para juicio, lo procedente fué lo que la corte hizo, decretar la confiscación de la fianza y el arresto del acusado. La corte pudo en su discreción posponer la vista y eso no obstante el arresto pudo surtir el efecto de privar de su libertad provisional al acusado.

Se insinúa en el alegato que el acusado dejó de comparecer porque estaba enfermo. Si existió una causa justa para su no comparecencia, bien pudo exponerla a la corte y pedirle que dejara sin efecto su sentencia. Nada hizo. Debemos concluir que el segundo error no fué cometido.

██ Bajo la base de que el juicio pudo celebrarse como se celebró en ausencia del acusado, la consideración y resolución del primer señalamiento de error resulta sencilla.

La Constitución y la Ley Orgánica reconocen un derecho al acusado. Ese derecho es renunciable, como se reconoce en los propios casos que cita el apelante. Si el acusado deja de comparecer a sabiendas de que puede ser juzgado en su ausencia, ¿qué otra interpretación puede darse a su conducta que la de una renuncia a estar presente, a carearse con los testigos de cargo y a que se le nombre para que lo defienda a un abogado? Ninguna otra, a nuestro juicio, salvo la de que la incomparecencia sea involuntaria o debida a fuerza mayor, situaciones en las que puede dirigirse luego a la corte pidiéndole que deje sin efecto la sentencia y ordene la celebración de un nuevo juicio, estando en el poder de la corte acceder si se convence de la verdad de lo alegado. Tampoco fué, pues, cometido el primer error señalado.

██ El tercero, que es el último, se refiere a la apreciación de la prueba. Sostiene el apelante que es insuficiente y en todo caso que no justifica la pena. La hemos examinado y la consideramos bastante. En cuanto a la pena nos parece en verdad excesiva. El propio fiscal termina su informe pidiendo que se modifique en el sentido de hacerla más benigna. Se trata de un caso en que dos personas en estado de embriaguez escandalizan de noche en una calle de un pueblo pronunciando palabras insultantes contra un alto funcionario público de la Isla que no se encontraba presente, sin que llegara a formarse tumulto alguno ni el acto tuviera otras consecuencias que la natural perturbación de la paz del vecindario y el arresto inmediato de los culpables. Creemos que treinta días de cárcel con abono de la prisión preventiva son suficientes para reprimir el exceso, *y en ese sentido deberá modificarse la sentencia y, modificada, confirmarse.*

El Juez Asociado Sr. De Jesús no intervino.