EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL IZQUIERDO RIVERA, acusado y apelante. EL MISMO v. EL MISMO.

Núms. 11,195 y 11,196.—*Sometidos:* Febrero 13, 1946. *Resueltos:* Abril 5, 1946.

*José Veray, Jr.,* abogado del apelante; *Hon. Procurador General, E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar* y *J. Rivera Barreras, Fiscal Interino del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado de los delitos de poseer un revólver sin registrar y de portarlo ilegalmente.

En el acto de la vista compareció El Pueblo representado por su Fiscal sin que lo hiciera el acusado ni su abogado. Interrogado el Márshal por el Juez de la corte inferior si el acusado había sido debida y personalmente citado para estos juicios, contestó el Márshal en la afirmativa, manifestando además que existía constancia de que el acusado fué debidamente citado. Entonces, la corte, oídas las manifestaciones del Márshal, ordenó que los juicios siguieran adelante en ausencia del acusado, y celebrados éstos, dictó sentencia declarándolo culpable de la comisión de ambos delitos, condenándolo a dos meses de cárcel por cada uno.

El acusado apelante alega que la corte inferior erró (1) "al declarar por la sola manifestación del Márshal, que el acusado había sido debidamente citado; y (2) al condenar al acusado en ambos casos sin el debido procedimiento legal, negándole la protección igual de las leyes que garantizan la constitución y la Ley Orgánica al dar por un hecho probado que el acusado había sido citado personalmente por el Márshal sin que se presentara en evidencia la citación debidamente diligenciada por el referido funcionario para acreditar que el acusado fué en efecto debida y legalmente citado para juicio en estos dos casos."

Argumentando su primer señalamiento sostiene el apelante que la corte inferior erró porque aceptó por la sola manifestación del Márshal que el acusado había sido debidamente citado, manifestación que no fué hecha bajo juramento; y porque en ningún momento el Fiscal del distrito para probar que el acusado fuera legalmente citado sentó en la silla de los testigos al Márshal para acreditar tal extremo y que tampoco el Fiscal solicitó, ni la corte ordenó, que se uniera a los autos de los casos la cédula de citación debidamente diligenciada por el Márshal para dejar comprobado que el acusado fuera citado. Invoca en apoyo de su contención la decisión dictada por este Tribunal en el caso del *Pueblo* v. *Texidor*, 52 D.P.R. 681, en el cual por voz del Juez Asociado Sr. Wolf, se dijo:

"La única duda que hemos abrigado ha sido si la aserción contenida en la sentencia reflejaba con certeza el hecho de que el márshal había citado al acusado, mas nos sentimos obligados a resolver que esta aseveración no demostró que se hubiera hecho una notificación en debida forma. Cuando se expide una citación el márshal debe hacer el diligenciamiento de que ha notificado al acusado personalmente. El apelante alega que solamente los fiadores fueron notificados y los autos revelan que éstos fueron notificados y presentaron al acusado a la corte para que se le dictara sentencia. Ante tal situación incumbe al Pueblo excluir cualquier duda que pudiera haber respecto a si el acusado fué o no citado debidamente. Si el acusado hubiera comparecido a juicio voluntariamente o mediante citación, cualquier duda respecto a la citación o su suficiencia hubiese sido renunciada.

"El acusado también radicó una moción de reconsideración que la corte declaró sin lugar."

Hemos hecho un estudio detenido de los autos de estos casos y no encontramos que el acusado negara ante la corte inferior, ni ante este Tribunal en su alegato, que fuera debida y personalmente citado a juicio. Toda su contención se limita a sostener que la prueba no acreditó que fuera debidamente citado. En otras palabras, no alega la falta de citación y sí la insuficiencia o falta de prueba para acreditar tal extremo. No vemos, ni comprendemos, qué materialidad podría tener en estos casos la insuficiencia o falta de prueba para establecer la debida y legal citación del acusado, cuando él no niega que fuera citado personalmente, y por el contrario, su silencio en cuanto a este particular conlleva la admisión implícita de su citación. En esto es que se diferencian estos casos con el del *Pueblo* v. *Texidor*, supra. En este último caso, según consta de sus autos, aparece que el acusado radicó ante el tribunal inferior una moción de reconsideración alegando "que en ningún momento fué notificado de la vista oral del juicio en la Corte de Distrito de San Juan que se celebró el día 15 de mayo de 1936", y solicitaba se le diera una oportunidad para presentar su defensa. Se declaró no haber lugar a la moción de reconsideración y, en su conse-

cuencia, se privó al acusado de traer prueba para sostener su aseveración. Bajo estas circunstancias y, además, por aparecer de los autos del caso que solamente fueron citados los fiadores y no el acusado para el referido juicio, fué que este Tribunal resolvió que al Pueblo incumbía excluir cualquier duda que pudiera haber respecto a si el acusado fué o no citado debidamente. Éstas no son las circunstancias que median en los casos que ocupan nuestra atención, ya que el acusado no ha negado que fuera citado debidamente, ni ha levantado esta cuestión mediante moción de reconsideración, ni en forma alguna, y no habiéndolo alegado, ha renunciado a cualquier error existente en el procedimiento. No existe el primer error alegado.

Para sostener el segundo señalamiento de error, el apelante reproduce los mismos argumentos aducidos al discutir el primero y, además, alega que aun cuando el acusado hubiera sido citado debidamente para juicio, no procedía su celebración sin él o su abogado estar presente, y que en ausencia de ambos la corte debió nombrarle abogado para que lo representara en la vista del juicio de conformidad con las enmiendas 5ta. y 6ta. de la Constitución Federal, y de los Artículos 2, pár. 2 de nuestra Ley Orgánica, y 141 del Código de Enjuiciamiento Criminal. En apoyo de su tesis cita los casos de *John A. Johnson, petitioner, v. Fred C. Zerbst, Warden,* 304 U. S. 458, y *Ex parte Hernández Laureano,* 54 D.P.R. 416, 420.

Cierto es que la Constitución y la Ley Orgánica conceden a un acusado de la comisión de algún delito el derecho constitucional a ser representado por abogado, y que sin el previo cumplimiento de este mandato los tribunales carecen de jurisdicción para privar a un acusado de su vida o libertad; pero este derecho es renunciable y así lo reconoció este Tribunal por voz de su Juez Presidente Sr. del Toro en el caso de *El Pueblo* v. *Ortiz,* 57 D.P.R. 469, 472, al decir:

"La Constitución y la Ley Orgánica reconocen un derecho al acusado. Ese derecho es renunciable, como se reconoce en los propios casos que cita el apelante. Si el acusado deja de comparecer a sabiendas de que puede ser juzgado en su ausencia, ¿qué otra interpretación puede darse a su conducta que la de una renuncia a estar presente, a carearse con los testigos de cargo y a que se le nombre para que lo defienda un abogado? Ninguna otra, a nuestro juicio, salvo la de que la incomparecencia sea involuntaria o debida a fuerza mayor, situaciones en las que puede dirigirse luego a la corte pidiéndole que deje sin efecto la sentencia y ordene la celebración de un nuevo juicio, estando en el poder de la corte acceder si se convence de la verdad de lo alegado. Tampoco fué, pues, cometido el primer error señalado."

Tampoco se cometió el segundo error alegado.

El acusado dejó de comparecer a juicio en estos casos a sabiendas de que podía ser juzgado en su ausencia y, por lo tanto, renunció a sus derechos constitucionales a estar asistido de abogado, y no habiendo alegado justa causa de su incomparecencia para la concesión de un nuevo juicio, *procede confirmar las sentencias apeladas.*