El Pueblo de Puerto Rico, demandante y apelado, *v.* Felipe Díaz Rivera, acusado y apelante.

Núms. 11703 y 11704.—*Sometidos:* Febrero 12, 1947. *Resueltos:* Marzo 18, 1947.

*J. Acosta Acosta,* abogado del apelante; *Hon. Procurador General Interino, Luis Negrón Fernández* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El acusado apelante solicita la reconsideración de la sentencia que dictamos el 24 de febrero de 1947, por la cual confirmamos las dictadas por la Corte de Distrito de Bayamón, con fecha 30 de septiembre de 1946, en los dos casos mencionados en el epígrafe. En la moción de reconsideración se llama nuestra nuestra atención hacia el hecho de que en el segundo señalamiento el apelante alegó como un error cometido por la corte inferior, "el haber negado el juez de la corte inferior el derecho del abogado del acusado a argumentar su caso," privando así al acusado de su derecho constitucional a estar debidamente representado por abogado, lo que incluye el derecho a que el abogado informe oralmente sobre los méritos del caso.

Por haber sido incluído dicho señalamiento en el referente a la imputación que hacía el apelante al juez sentenciador, de haber actuado movido por pasión, prejuicio y parcialidad, no tomamos en consideración dicho señalamiento

pues en verdad el mismo constituye un error de derecho más bien que una demostración de pasión, prejuicio o parcialidad.

Examinado el récord taquigráfico de dichos casos, los cuales fueron vistos conjuntamente, encontramos que el incidente en que se basa este señalamiento ocurrió del modo siguiente:

"Ledo. Acosta Acosta: Queremos informar el caso.

Hon. Juez: No. Esto es un caso 'misdemeanor', si va a hacer un discurso para esto. Ese es un cuento viejo. Eso no es la primera vez que se hace . . .

Ledo. Acosta Acosta: Pero este no es un cuento viejo.

Hon. Juez: Pero no he creído ninguno de los testigos de descargo —al único es al policía. La Corte lo declara culpable de un delito de portar armas y le impone tres meses de cárcel y lo declara culpable del delito de portar armas de fuego sin registrar y le impone dos meses de cárcel."

En el caso de *Pueblo* v. *Vargas*, 44 D.P.R. 157, se presentó a la consideración de este Tribunal una situación idéntica a la que se nos presenta en este caso. Allí, como aquí, la Corte de Distrito de Ponce se negó a permitir que el abogado del acusado argumentara su caso. El Fiscal de esta Corte Suprema se adhirió al recurso; y al revocar la sentencia y ordenar la celebración de un nuevo juicio esta Corte, por voz de su Juez Presidente Sr. Del Toro, se expresó así, copiando del sumario:

"El derecho de todo acusado a estar asistido de abogado para su defensa, incluye la argumentación del caso por el abogado. Negarlo constituye error perjudicial que da lugar a la revocación."

El Fiscal de este Tribunal, habiendo sido notificado con copia de la moción de reconsideración, ha radicado un informe sometiendo la cuestión a la decisión del Tribunal "de conformidad con las circunstancias que rodean el caso."

Es indudable que las cortes tienen poder para limitar de una manera razonable y de acuerdo con las circunstancias de cada caso, el tiempo durante el cual los abogados deberán

presentar sus argumentos sobre los méritos del caso, pero el negar en absoluto al abogado de un acusado el derecho a argumentar el caso oralmente, antes de dejarlo sometido definitivamente a la decisión del tribunal, constituye un error grave y perjudicial a los derechos del acusado y es suficiente, a nuestro juicio, para justificar la revocación de la sentencia.

Por las razones expuestas, *procede que reconsideremos y dejemos sin efecto la sentencia que dictamos el 24 de febrero de 1947 y que se revoquen las sentencias apeladas y se devuelvan los casos a la Corte de Distrito de Bayamón para la celebración de un nuevo juicio.*